The judgment of the court was pronounced by
Eustis, C. J.
This is an appeal from a judgment of the Court of the Second District of New Orleans, condemning the Second Municipality to pay a pro rala contribution to a bill for repairs of the parish prison.
The plaintiff made the repairs, and it does not appear to be any objection to the amount of his charges. It is admitted that the repairs are such as it is incumbent on an owner to make under the articles of the code.
This court determined in the case of the Municipality Number One v. The General Council of the City of New Orleans, (No. 1822, 1847, not reported,) that the defendants as the successors of the late, Police Jury of New Orleans, were liable to the Municipality Number One for certain arrears of rent of said prison, under a certain contract made between the Old Corporation of New Orleans and the Police Jury, previous to the construction of the prison; and *761 that by said contract the case presented the relations of landlord and tenant between the municipality and the police jury : the former being the owner of the property, and the latter having the use and occupation for a certain annual rent.
We are satisfied that this construction of the contract was correct. It related exclusively to the right of the municipality to recover the arrears of rent, but did not purport to affect any ultimate rights which the parties might have under tile contract.
The act to abolish the Police Jury in the city of New Orleans (Laws of 1846, No. 130,) provides in the fifth section, among other things, that each of the municipalities shall pay the expense of repairing, taking care of and guarding the prison of the city of New Orleans, and their respective workhouses ; and it is intended that this act is unconstitutional, inasmuch as it impairs or changes the obligations to the orignal contract under which the prison is now rented and occupied.
The three municipalities are bound to pay the rent of the prison in the place and stead of the police jury, which has ceased to exist. The repairs being such as the owner was bound to make, their expediency and the necessity for making them cannot be questioned. We do not think the unconstitutionality of the act is in question in this suit. The repairs made may be deducted from the annual rent, under the 2664 of the code.
It is a matter of public interest that prisons should always be kept in proper repair. The contract for the repairs was a lawful one, by which the municipality was bound. The amount must therefore be paid, and the amount deducted or not from the suit, according to the original contract, a matter which we are not called upon to determine in this case. We do not consider the law of 1846 as affecting in any instance this question.
The judgment of the district court is therefore affirmed, with costs.